

**SIGNED this 21st day of October, 2008.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**

_____


UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | X | |
| WILLIAM ANDREW STACK | X | CASE NO. 08-11483-FRM |
| | X | |
| DEBTOR | X | CHAPTER 11 |
| | X | |

MEMORANDUM OPINION

This Court has reviewed the above-referenced Motion for Rehearing on Order of Motion of Deborah Michelle Stack to Dismiss Chapter 11 Proceedings with Prejudice filed by the Debtor pursuant to Fed. R. Bankr. P. 9023 and 9024. The Debtor, William Andrew Stack, requests reconsideration of this Court's 11 U.S.C. §1112(b)(1) and (b)(4) dismissal of this case claiming that the Debtor now has the ability to confirm a plan within a reasonable time and that any default in his domestic support obligations could also be cured within a reasonable time. The Debtor claims that since the date of dismissal, he has taken steps to correct his cash flow problems being 1) that he and the 30% owner of VLC Acquisition Group, LLC have taken steps to take back control or management of that entity and 2) that the Debtor, through a related company, has received stock in

return for services performed that he will now be able to liquidate and use to pay the obligations of the estate including his domestic support obligations.

Background

On September 23, 2008 the Court entered an Order on Motion of Deborah Michelle Stack to Dismiss Chapter 11 Proceeding with Prejudice. At the hearing on this Motion to Dismiss, the Court determined that Deborah Stack established cause for conversion or dismissal of this case pursuant to the provisions of 11 U.S.C. §1112(b)(1)(that no unusual circumstances existed that would establish that the requested conversion or dismissal was not in the best interests of creditors and the estate) and §1112(b)(4) that Debtor failed to pay domestic support that was due after the date of filing of the petition).

The Court relied on the following findings of fact in making its ruling. The Debtor's scheduled expenses are far in excess of his scheduled income. The Debtor practices law in the securities area and often receives stock in the companies he represents with such stock rarely having much value at the time of its issuance so his income is highly speculative. There is no equity in the Debtor's homestead after the lien of approximately $600,000 and the Internal Revenue Service's debt estimated at $2,900,000.00 ( Debtor had not filed tax returns for the last 7 to 8 years). The Court could find only speculative value in the 9 or 10 polo ponies the Debtor owns. And, the 55% ownership in VLC Acquisition that the Debtor owns is merely ownership in real estate that is being developed, the equity of which on behalf of one witness was stated to be $2,000,000 and by the Debtor $5,000,000 and, regardless of this value it is only obtainable if, as and when the real estate development is completed which will not be in the next several months. Further, additional financing is also needed prior to completion of the project as the current loan on the partially developed real estate comes due and payable in January, 2009. The Debtor does not have the ability

to put forth a plan that is confirmable within a reasonable time as required by §1112(b)(2) as his ability to fund such is totally speculative and even if he could fund such, all the proceeds will likely go to the IRS.

The Court gave the Debtor ten days from the date the Court entered the Order on Deborah Stack's Motion the option to convert his case to Chapter 7 or for dismissal. The Debtor then filed this Motion for Rehearing prior to an order converting or dismissing being entered.

## Conclusions of Law

This motion will be treated as a motion for reconsideration under Fed. R. Civ. P. 59(e). *See Fletcher v. Apfel,* 210 F.3d 510, 511-12 (5th Cir. 2000)("A motion to reconsider which challenges a prior judgment on the merits will be treated as a Federal Rule of Civil Procedure 59(e) motion if it is served within ten days after entry of the judgment."). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F. 3d at 479; *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). Rather Rule 59 (e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479.

The Debtor appears to argue that his changed circumstances now allow him to qualify for a Chapter 11 proceeding, and that therefore this Court should vacate its prior order dismissing. The Debtor's supposed new circumstances, however, provide no new evidence that he can comply with the requirements of a Chapter 11 filing. It once again merely shows how speculative Debtor's cash flow position is and how unrealistic his view of his current situation is. The Debtor is now involved, it appears, in a power struggle with another member of VLC Acquisition Group, LLC for control of

that entity. Regardless, that entity is still of highly speculative value and there are no assurances the Debtor can wrest control, or if he does, that he will ever receive any appreciable amount of funds from this source within a reasonable or predictable time frame as this is an investment in real estate that is currently only partially developed and no lots are yet available for sale.

Additionally, any sale of stock that the Debtor claims he has received for services performed is highly speculative especially in this market. There are still no unusual circumstances that exist that establish that the requested relief of conversion or dismissal is not in the best interests of the creditors. An Order of even date herewith will be entered.

###